In re Harvey B. & Pamela J. DAUGHERTY, Debtors.

Douglass WENDEL, Trustee, Plaintiff,

v.

Harvey B. & Pamela J. DAUGHERTY, Defendants.

Bankruptcy No. 80–00627–BKC–TCB.
Adv. No. 81–0268–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Aug. 11, 1981.

Daniel Bakst, West Palm Beach, Fla., for trustee.

Douglass Wendel, trustee.

Robert C. Clark, Vero Beach, for debtors.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks under 11 U.S.C. § 727(d)(1) to revoke the debtor's discharge. The debtors have answered (C.P. No. 5) and the matter was tried on July 21, 1981.

The debtors, a retired engineer and his wife, filed a chapter 7 petition on May 27, 1980. The schedules represent that the debtors had financial records for two years before bankruptcy. The schedules disclosed the receipt of $85,000 for the sale of their home six months before bankruptcy. No other transfer within a year of filing was disclosed. The schedules disclosed no cash nor bank deposits. The only reported current income was pension and social security benefits. The debtors claimed gambling losses of $100,000.

The trustee repeatedly requested that the debtors produce their financial records including their 1979 tax return and to supply proof of the claimed gambling losses. The only record ever given to the trustee before a discharge was granted in September, 1980, was a two page 1979 tax return.

Six months later, trustee's counsel finally got some of the debtors' financial records: a nine page 1979 tax return, some bank statements and some receipts. These records together with the newly available 1980 tax return revealed that the debtors bought $64,000 worth of stock six months before bankruptcy and received $33,000 for stock sales two months before filing. They also show that the debtors received $4,500 additional income in 1979 and $5,000 in 1980 for engineering consulting services performed by the husband. The debtors paid

**2**

$8,700 to move their household furnishings which they claimed on their schedules was worth only $570. There is nothing in any of these records to substantiate claimed gambling losses.

Section 727(d) provides:

"On request of the trustee ... the court shall revoke a discharge ... if—

(1) Such discharge was obtained through the fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge."

The request to revoke must be made within one year of the granting of the discharge. 11 U.S.C. § 727(e)(1). Revocation under this section, as was true under § 15 of the former Bankruptcy Act, requires proof of fraud in fact or intentional wrongdoing by the debtors as distinct from an implied fraud or a mistake in law. The intentional omission of assets and disclosure of grounds which would have barred discharge justify revocation of the discharge. *Collier on Bankruptcy* (15th ed.) ¶ 727.15[2].

■ Since the filing of this case, the debtors have had in their possession financial records which were necessary to the performance of the trustee's duties. Those records reflected several grounds to object to discharge under § 727(a). In giving the trustee only two pages of their 1979 tax return, the debtors deliberately withheld information which would have revealed the true state of their affairs. This behavior, coupled with the gross inaccuracy of the schedules constituted positive fraud and intentional wrongdoing. *Matter of Orenduff*, N.D.Okla.1964, 226 F.Supp. 312, 314.

Because of the debtors' misrepresentations and concealment, the trustee could not have opposed the discharge before it was granted.

The trustee has established all of the grounds for revocation under § 727(d)(1). As is required by B.R. 921(a), a separate judgment will be entered so providing. Costs will be taxed on motion.