In re Robert LaPORTA, d/b/a Chicago Linoleum & Tile, Chicago Carpet Supplies and Chicago Carpet Mart & Warehouse, Debtor.

Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Robert LaPORTA, d/b/a Chicago Linoleum & Tile, Chicago Carpet Supplies and Chicago Carpet Mart & Warehouse, Defendants,

and

Lawrence M. Cooper, Trustee.

Bankruptcy Nos. 81 B 4451, 82 A 186.

United States Bankruptcy Court, N.D. Illinois, E.D.

July 7, 1982.

---

689

Phillis B. Dolinko, U.S. Dept. of Labor, for U.S. Dept. of Labor.

Lawrence M. Cooper, Chicago, Ill., Trustee.

Maury Fisher, Laser, Schostok, Kolman & Frank, Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on the plaintiff's complaint for an order revoking discharge and declaring that the U.S. Secretary of Labor may proceed with an administrative hearing pursuant to the Service Contract Act, 41 U.S.C. § 351 et seq. The court, being fully advised in the premises, and having carefully considered the pleadings and memoranda, hereby re-opens this case and grants the plaintiff's request allowing the Secretary of Labor to proceed with an administrative hearing but denying the request for an order revoking discharge.

The plaintiff (Secretary) contends that as a result of the debtor's contracts with the General Services Administration and subsequent violations of the Service Contract Act, the debtor is liable to the GSA in the amount of $16,827.13. Pursuant to an investigation, the Secretary is holding $5,641.32 from sums due on the debtor's contracts with the GSA. The Secretary contends that this sum being withheld was never scheduled as an asset of the debtor's estate, the GSA was never scheduled as a creditor and the Secretary must be allowed to proceed to determine rightful ownership of the funds. The trustee for the debtor contends that the sum being withheld by the Secretary is property of the debtor's estate.

## FINDINGS OF FACT

1. On February 15, 1979 and March 10, 1980 the General Services Administration (GSA) of the United States of America awarded Chicago Linoleum and Tile Company (Debtor) two contracts for the provision of carpet installation, clearing and repair. These contracts were subject to and contain the representations and stipulations required by the Service Contract Act (SCA) and its regulations issued pursuant thereto.

2. Subsequent thereto the Department of Labor conducted an investigation of the debtor's compliance with the SCA and determined a violation of the Act's minimum wage and benefit provisions existed.

3. Pursuant to that investigation and determination, on October 6, 1980 the Department of Labor requested the GSA to withhold payment of funds owing to the debtor in the amount of $16,827.13.

4. Pursuant to GSA's order of October 6, 1980, the government agency commenced withholding funds and currently $5,641.32 is being withheld.

5. On April 10, 1981 Administrative Complaint No. SCA–1369 was filed with the Office of Chief Administrative Law Judge, United States Department of Labor. The debtor failed to file a responsive pleading.

6. On April 15, 1981, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Said petition failed to list the Secretary of Labor as a creditor in the amount of $16,827.13 nor did debtor list the $5,641.32 being withheld as an asset of the estate.

7. On September 10, 1981 an order was entered approving the interim trustee's No Asset Report and an order was entered discharging the debtor.

8. On September 28, 1981 the Secretary of Labor learned of the debtor's bankruptcy. Upon notifying the debtor's attorney of its position and receiving no response, the Secretary on January 19, 1982 filed its complaint.

## DISCUSSION

### RE–OPENING

■ Section 350(b) of the Bankruptcy Code establishes that a bankruptcy case may be re-opened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other causes. Bankruptcy Rule 515 provides that the re-opening of a case is a matter of court discretion but relief to the bankrupt is explicitly recognized as a proper cause for re-opening. Given that the Secretary of Labor is holding over $5,000 of funds originally owed to the debtor and has a possible claim against the debtor for as much as $16,827.13, a clear cause for re-opening the debtor's bankruptcy case does exist and this court believes it would properly be exercising its discretion under Bankruptcy Rule 515 to so re-open.

### THE AUTOMATIC STAY

The Secretary of Labor in his complaint asks that he be allowed to proceed with an Administrative hearing pursuant to the Service Contract Act to determine the liability of the debtor and the rightful owner-ship of the funds being held by him. In effect, what the Secretary is asking for is a vacation of the § 362 automatic stay. Section 362(a)(1) does state that the automatic stay is applicable to the commencement or continuation of administrative proceedings against the debtor that were or could have been commenced before the filing of debtor's petition.

■ The purpose of the automatic stay is to prevent dismemberment of the estate and insure its orderly distribution in order to eliminate the impetus for a race of diligence by fast-acting creditors. *S.E.C. v. First Financial Group of Texas,* 645 F.2d 429 (C.A. 5 1981). Therefore, even though the present case involves a Chapter 7 debtor with no assets who was discharged from his debts nine months ago, the automatic stay is appropriate to preserve nonexempt assets for a fair distribution thereof among creditors.

This court, however, does not have to decide the question of whether it should vacate the automatic stay because of § 362(b)(4). Section 362(b)(4) of the Bankruptcy Code provides that:

(b) the filing of a petition under section 301, 302 or 303 of this title does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

In construing Section 362(b)(4) and applying it to the present situation, it is helpful to review its legislative history. Honorable Don Edwards, Chairman of the Subcommittee on Civil and Constitutional Rights of the House Committee of the Judiciary, explained Congress' intent in enacting Section 362(b)(4) by stating:

"Section 362(b)(4) indicates that the stay under Section 362(a)(1) does not operate to affect the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power.

This Section is intended to be given a narrow construction in order to permit governmental units to pursue to protect the health and safety and not to apply to actions by a governmental unit to protect the pecuniary interest in property of the debtor or property of the estate. (124 Congressional Record H11089, 11 C U.S. Code Congressional Administrative News 660–61 (December 1978))".

An excerpt from House Report No. 95–595, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6299 indicates that:

"Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit injunction and enforcement of injunction, and to permit the entry of a money judgment but does not extend to permit enforcement of a money judgment. Since the assets of a debtor are in the possession and control of the Bankruptcy Court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors."

■ The Congressional intent to treat court proceedings differently than administrative proceedings is inherent in § 362. With the enactment of § 362(b)(4) not only did Congress fail to confer jurisdiction on the Bankruptcy Court to hear and determine matters involving a governmental unit's police or regulatory powers, it also exempted those proceedings from the automatic stay provision of the Bankruptcy Code. (*In re Brada Miller Freight Systems,* 16 B.R. 1002, 6 C.B.C. 375 (Bkrtcy.N.D.Ala. 1981)). Congress's intention to treat such proceedings differently stems from the very nature of Administrative agencies. Administrative agencies, in general, are charged with quasi-legislative and quasi-judicial functions and have been established to "execute" governmental programs designed to control the individual's conduct of his commercial and noncommercial affairs, to set the cost of services that he obtains and to provide services that he cannot otherwise obtain. (*In re Dan Hixson Chevrolet Co.,* 12 B.R. 917, 4 C.B.C. 1237 (Bkrtcy.1981)).

■ The present case involves an administrative proceeding before the U.S. Department of Labor. The issue involves a dispute over compliance with the Service Contract Act. It is the job of the Department of Labor to resolve such disputes and said department has the expertise to so dispose of such matters. Section 362(b)(4) contemplates that where a governmental unit is suing a debtor to prevent or stop violations of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws the proceeding is not stayed under the automatic stay. It is manifest that the enforcement of the Service Contract Act which provides for minimum wages and benefits for employees of government contractors is a proceeding akin to an action to protect the public health, safety and the like. The government in such proceeding is not seeking to protect a pecuniary interest it may have in property of the debtor. Instead, the government is proceeding to preserve and protect the rights of employees of a government contractor, a valid public interest contemplated by § 362(b)(4).

Furthermore, given the purpose of § 362, it is vital to look at the effect lifting the stay would have on the debtor's estate. It has been held on many occassions that where it appears that the assets of the estate are not threatened by actions of an administrative proceeding or the like those actions are not subject to the automatic stay. (*In the Matter of Shippers Interstate Service, Inc.,* 618 F.2d 9 (C.A. 7 1980)). The present case involves a Chapter 7 debtor on whom a no asset report was filed. The

debtor did not list the money being held by the Secretary and only now after discharge has been granted, the case closed, and this complaint filed by the Secretary does the trustee for the debtor assert any interest in the property.

In the case of *Marshall v. International Formal,* 2 C.B.C. 698, 6 B.C.D. 477 (S.D.Ga. 1980), the Secretary of Labor sought to proceed with an administrative hearing regarding back wages due under the Fair Labor Standards Act. The court found that to restrain an action by a governmental unit under § 362 the debtor must show why the case does not come within the exception to the automatic stay relating to such actions. No such showing was made by the debtor in *International Formal Wear* and the court finds none here.

DISCHARGE

Section 727(d) and (e) of the Bankruptcy Code provide for the revocation of a debtor's discharge on request of the trustee or a creditor under the following circumstances:

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

▮ Requests to modify or vacate a debtor's discharge lies within the sound discretion of the bankruptcy court. (*Matter of Seats,* 537 F.2d 1176 (C.A. 4 1976)). In construing § 727 it has been held that proof of fraud in fact or intentional wrongdoing by the debtor is required as distinct from an implied fraud or a mistake in law. (*In re Daugherty,* 14 B.R. 1, 7 B.C.D. 1383 (S.D. Fla.1981)). Where it can be shown that there was an intentional omission of assets and disclosure of grounds which would have

barred discharge, there would be justification for revoking the discharge (*Daugherty, id.*).

In the present case no showing of fraud or other like circumstance under § 727 has been made to justify revoking the debtor's discharge at this time. It is a fact that debtor did not list the Secretary of Labor as a creditor in his bankruptcy petition nor did he list the money being held thereby as an asset. However, this evidence is far short of proof of fraud in fact or intentional wrongdoing.

▮ Furthermore, this is a Chapter 7 liquidation case where a no asset determination was made and the debtor was then discharged. The effect on the debtor's estate from the Secretary's proceedings is very speculative. There is no evidence that the debtor's failure to list the Secretary's claim and withholding would result in diminution of the estate for distribution to non-employee creditors. It is well recognized that unpaid laborers have equitable rights to be paid from contract retainages and unpaid workers would have a higher priority to funds withheld from amounts owing contractor than would the trustee in bankruptcy. *In the Matter of Cascade Reforstation, Inc.,* 56 Op.Comp.Gen. 499 (1977). Therefore, as a result of the Secretary's proceedings the debtor's estate would probably remain the same or in the alternative could be found liable for a possibly non-dischargeable debt in the amount over and above what the Secretary is holding presently. Neither result would have any effect on the debtor's other creditors.

▮ Perhaps the Secretary seeks to revoke the debtor's discharge as a prerequisite to asserting a claim adverse to the trustee. However, under the circumstances as outlined above, it is not necessary to revoke the discharge in order to allow the Secretary to proceed with the administrative hearing. Bankruptcy Courts have jurisdiction to re-open estates to modify orders of discharge without revoking the discharge. *In the Matter of Seats,* 537 F.2d 1176 (C.A. 4 1976), *Matter of Morgan,* 668

F.2d 261 (C.A.7 1981). Modification of the discharge may be necessary after the Secretary has held his hearing but no evidence has been shown to convince this court that revoking the debtor's discharge is called for.

### CONCLUSIONS OF LAW

Section 350(b) of the Bankruptcy Code establishes that a bankruptcy case may be re-opened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other causes. The decision to re-open is one of judicial discretion where as here the discovery of a possible asset for the estate or liability on the part of the debtor is a proper reason to re-open a case.

Section 362 of the Bankruptcy Code provides that an automatic stay is applicable to the commencement or continuation of administrative proceedings against the debtor that were or could have been commenced before the filing of the debtor's petition. Section 362(b)(4), however, provides that the automatic stay does not apply to the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. The proceeding contemplated here before the Department of Labor regarding the debtor's compliance with the Service Contract Act is a proceeding in the public interest and does come within the § 362(b)(4) exception to the automatic stay.

Finally, § 727 of the Bankruptcy Code contemplates the situation in which a debtor's discharge may be revoked. In construing § 727, it has been held that proof of fraud in fact or intentional wrongdoing by the debtor is required. No such showing has been made here and this court does not find it necessary to revoke the debtor's discharge in order to allow the Secretary to proceed with his administrative hearing.

WHEREFORE, IT IS HEREBY ORDERED that the debtor's case is re-opened and the Secretary may proceed with his Administrative Hearing pursuant to the Service Contract Act. The Secretary's request that the debtor's discharge be revoked, however, be and is hereby denied.

FURTHER, this court pending the outcome of the Administrative Hearing makes no determination regarding whether or not the money in question is part of the debtor's estate.