**In re Ronald ALBERS and Joyce Albers, Debtor(s).**

**Allan D. DOBNICKER, Successor Trustee, Plaintiff(s),**

v.

**Ronald ALBERS, et al., Defendant(s).**

Bankruptcy No. 85–0116.
Related Case: 84–00828.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 21, 1987.

Kermit Neuman, Coldwater, Ohio, for debtors.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Complaint for Revocation of Discharge of Debtors filed by the Trustee. A Trial on the Complaint was held. At the Trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the arguments, the transcripts which were admitted into evidence, and the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Trustee's Complaint for Revocation of Discharge should be Denied.

### FACTS

The Debtors, Ronald and Joyce Albers, ran a hog farm for approximately five (5) years. On May 16, 1984, the Debtors filed their petition under Chapter 7 of the Bankruptcy Code. The Debtors attended their § 341 first meeting of creditors on June 12, 1984. At the first meeting, the Trustee inquired about several transactions. The Trustee also asked about additional checks the Debtors had not brought with them, saying "I don't want them now, but please hold on to them." *Exhibit 1, Transcript of § 341 meeting* at 16.

The Debtors were granted their discharge on August 20, 1984. Ronald Albers testified that he and his wife thought the bankruptcy process was over. He stated that the attorney who had originally handled their bankruptcy had told them there would be no problems. Ronald Albers also stated that the Trustee never informed the Debtors that there would be any further litigation concerning their bankruptcy. A review of the transcript does not reveal any statement by the Trustee to the effect that a preference action was a possibility. Further, Ronald Albers testified that he thought there were no difficulties because

Allan D. Dobnicker, Lima, Ohio, successor trustee.

Steven Diller, Van Wert, Ohio, for Derryberry.

no creditors had attended the § 341 meeting.

There is some dispute as to what records the Debtors gave to the Trustee, both at the first meeting and afterwards. However, both parties agree that all the records the Trustee had in his possession were returned to the Debtors after their discharge. Ronald Albers testified that he burned the records shortly after receiving them in the mail. Mr. Albers stated that he just wanted to forget an unhappy chapter in his life, and he assumed that since the Trustee sent back the records, they were no longer needed.

The Trustee filed the first Complaint against Carl Albers, the father of Ronald Albers, on September 7, 1984. Ronald Albers did not clearly recall the sequence of events surrounding the destruction of the documents, but he denied that he knew of the case against his father before the documents were burned.

The Trustee contends that not only were the documents destroyed, the Debtors also did not cooperate and assist the Trustee in efforts to recover certain preferential transfers made to the Debtor's father. The Trustee also points to the Debtors' failure to appear for an examination which was to be conducted under Rule 2004. In support of those contentions, the Trustee offered into evidence the transcript of the first meeting of creditors, and the transcript of the Trial on Complaint to Recover Preferential Transfer, *Derryberry v. Carl Albers*. Further, the Trustee has noted that Ronald Albers' testimony in those two proceedings was not consistent. It was asserted that Mr. Albers' memory lapses during the trial were very convenient.

Ronald Albers admitted that he did not give his one hundred percent effort to assisting the Trustee in recovery of the preferences from his father, but he stated that his actions were not malicious, and he did not lie.

On April 16, 1985, the Trustee filed this Complaint for Revocation of Discharge against Ronald and Joyce Albers.

## LAW

The grounds for revocation of a debtor's discharge are outlined in 11 U.S.C. § 727(d) and (e), which state in pertinent part:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge ... or ...

(3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted; or

(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

The acts specified in subsection (a)(6) are as follows:

(6) the debtor has refused in the case—

(A) to obey any lawful order of the Court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

In an action for revocation of discharge, the moving party has the burden of proof. *In re Puente*, 49 B.R. 966, 968 (Bankr.W.D.N.Y.1985). Moreover, it appears that the Plaintiff has the burden of proving the elements required by clear and

convincing evidence. *In re Reece*, 73 B.R. 900, 902 (Bankr.N.D.Ohio 1987); *In re Puente, supra* at 968; *In re Peli*, 31 B.R. 952, 955 (Bankr.E.D.N.Y.1983); 4 *Collier on Bankruptcy* § 727.15 at 727–105 n. 8a (15th ed. 1987). It has also been held that the court must strictly construe the statute governing revocation of discharge. *In re Barrup*, 53 B.R. 215, 219 (Bankr.D.Vt. 1985); *In re Lyons*, 23 B.R. 123, 125 (Bankr.E.D.Va.1982); *In re Mendoza*, 16 B.R. 990, 993 (Bankr.S.D.Cal.1982).

■ In the present case, the Trustee's case is brought under both § 727(d)(1) and (3). The destruction of documents would have to be brought pursuant to § 727(d)(1), the fraud section. To revoke the Debtors' discharge for fraud, the Plaintiff must prove that the actions taken by Ronald Albers were "fraud in fact", not implied fraud. The acts must involve moral turpitude or intentional wrong. *In re La Porta*, 26 B.R. 687, 692 (Bankr.N.D.Ill.1982); 4 *Collier on Bankruptcy* § 727.15, at 727–106 (15th ed. 1987).

■ While it might be argued that the destruction of documents after the discharge cannot be fraud in *obtaining* the discharge, such an argument would not be persuasive. Debtors have an obligation to "cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code". *See* 11 U.S.C. § 521(3). A debtor's duty to cooperate does not end when the discharge is granted. *In re James*, 77 B.R. 174 (Bankr.S.D.Ohio 1987). If a debtor feigns cooperation with the Trustee up to the time of the discharge, and then, discharge in hand, ceases that cooperation, such conduct can be sufficient for revocation. This is assuming, of course, that the debtor's actions amount to fraud under § 727(d)(1). In short, a debtor's duties cannot be eluded by subterfuge.

■ Notwithstanding the above, the Defendant–Debtors' discharge cannot be revoked under § 727(d)(1). In the instant case, the Trustee has failed to carry the heavy burden of proof required for revocation. While the Court is concerned about the destruction of the records, the Trustee has not proven fraudulent intent by clear and convincing evidence. Accordingly, the Debtors' discharge cannot be revoked under § 727(d)(1).

■ The Trustee's Complaint also seeks revocation under § 727(d)(3). The Trustee apparently based this part of the Complaint on the exhibits which were offered into evidence. The first exhibit is the transcript of the Debtor's first meeting of creditors, and the second is the transcript of a Trial held on a preference action brought by the Trustee.

Initially, the Court notes that Ronald Albers was a hostile witness at the preference Trial. A review of the transcript reveals that it took eleven (11) pages just to get the Debtor to affirm that he would tell the truth while testifying. *Exhibit 2, Transcript of Derryberry v. Carl Albers* at 9–20. Also reflected in the transcript are a number of memory lapses by Ronald Albers, which the Trustee has described as "convenient". Obviously, if Ronald Albers were lying when he stated he could not recall a certain item or event, that would be the equivalent of a refusal to respond to a material question under § 727(a)(6)(C).

However, while the Court is aware of the natural reluctance of a son to materially assist in a lawsuit against his father and the inevitable results that such a reluctance mandates, the requirement of clear and convincing evidence has simply not been met by the Trustee in the trial of this case.

In reaching these conclusions, the Court has considered all the evidence and arguments, regardless of whether or not they are specifically referred to in this Opinion.

Thus, the Trustee having failed to carry the burden of proof in this matter, it is

ORDERED that the Trustee's Complaint for Revocation of Discharge be, and is hereby, DENIED.