In re Alicia E. MASTELLA, Debtor.

Jorge A. LUNA, Plaintiff,

v.

Alicia E. MASTELLA, Defendant.

Bankruptcy No. 92–11355–BKC–SMW.
Adv. No. 92–1076–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Dec. 24, 1992.

Supplemental Memorandum of Decision
Jan. 25, 1993.

Bernard Rappaport, for plaintiff.

Carlos De–Cayas, for debtor.

## MEMORANDUM OF DECISION

CHARLES J. MARRO, Bankruptcy Judge (Sitting by Designation).

This Court has jurisdiction as a core proceeding under 28 § 157(b)(1), (2)(I)(J) and § 727(d)(1) of the Bankruptcy Code.

. This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52 as made applicable under Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This controversy arises from the failure of the Debtor to list in her original schedules her former husband, the Plaintiff, as a creditor and also to include certain property located in Argentina in which she had an interest. However, on the last day fixed for filing complaints objecting to her discharge and to determine dischargeability of debts the Debtor did file an amendment to the schedules listing the property in Argentina as an asset and her former husband as a creditor.

In his complaint to determine dischargeability of the debt to the Plaintiff and to revoke the discharge the Plaintiff alleges under Count I that on August 1, 1988 the Circuit Court in and for Dade County, Florida did in the divorce action issue an order awarding the Plaintiff $6,400.00 for attorney's fees and other expenses incurred concerning the custody and support of the minor children of the Plaintiff and the Defendant. This allegation is admitted by the Debtor.

Under Count II of said complaint the Plaintiff alleges the failure of the Debtor to list the property in Argentina in the original schedules and that conveniently she did not amend her schedules to include the property or the debt due to the Plaintiff until the exact date which was the deadline to file objections to discharge and dischargeability.

Had the debt been scheduled timely the Plaintiff alleges, he would have given notice to the trustee of the ownership interest of the Debtor in the property in Argentina

or would have filed an objection to the discharge based on the knowing and fraudulent filing of false schedules and making a false oath. He requests a revocation of the Discharge as being fraudulently obtained.

The Debtor admits the material allegations of the complaint but denies any element of fraud.

As an affirmative defense the Debtor interposes the following:

As a first Affirmative Defense Defendant states that she, an unsophisticated pro se filer unfamiliar with Court procedures and not fully conversant in the English language, acted in good faith at all times when prosecuting the above-referenced Chapter 7 case, and at no time intended to defraud or obstruct any creditor, engineer any running of time periods to anyone's prejudice, or otherwise obtain her discharge as a result of fraud.

From the evidence adduced at the hearing the following findings of fact are made and conclusions reached:

The Debtor, not being fully conversant with the English language, was examined through a Federally Certified Interpreter. She had a limited education and for three years prior to 1991 she was involved with several businesses in a limited capacity such as answering the phone and making out some forms. She did not handle finances of the firms with which she was connected. She earned no income in 1990 or 1991.

She first considered filing a petition for relief under the Bankruptcy Code in January of 1992 when the apartment owned by her went into foreclosure. From radio programs she became aware that bankruptcy would help when foreclosure occurs. She purchased a kit and proceeded to prepare the necessary forms and obtained assistance many times from the Bankruptcy Court as a pro se filer. Her reading of English is limited but she was able to resolve any doubts by the use of a dictionary.

When she originally prepared her schedules she did not believe it was necessary to

include the property in Argentina as an asset or to include her former husband as a creditor. To her he was an ex husband and not a creditor.

It was only after she was examined at the 341 meeting of creditors that she was informed by the trustee of the necessity of including the Argentina property as an asset and her husband as a creditor. After this was confirmed by an attorney she consulted she amended her schedules to cure the defects.

The Debtor and the Plaintiff were divorced by virtue of a Final Judgment For Dissolution of Marriage entered by the Circuit Court, Dade County, Florida, Family Division on October 26, 1982. This Judgment was modified by Orders of said Court entered January 28, 1987 and August 1, 1988.

Under the modification of August 1, 1988 the Plaintiff as former husband of the Debtor was awarded residential custody of the minor children and incident thereto the Debtor was ordered to pay to the Plaintiff expenses of $5,000.00 incurred by him in securing return of said children, attorney's fees and costs of $1,000.00 previously awarded for a total of $6,400.00.

## CONCLUSIONS AND DISCUSSION

### As To Dischargeability of Debt

The Plaintiff asserts that the attorney's fees and other expenses amounting to $6,400.00 awarded to him by the Circuit Court of Dade County, Florida were incurred concerning the custody and support of minor children of the parties and, therefore, constitute a nondischargeable debt under § 523(a)(5)(B) of the Bankruptcy Code.

It appears that the legislative intent as to this Section makes clear that what constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not State law. 3 Collier on Bankruptcy 15th Edition 523–105; *Pauley v. Spong (In re Spong)* 661 F.2d 6, 5 C.B.C.2d 242 (2nd Cir.1981); *Long v. West (In re Long)* 794 F.2d 928 (4th Cir.1986); *Monday v. Allen (In re Allen)* 4 B.R. 617,

2 C.B.C.2d 589 (Bankruptcy E.D.Tenn. 1980).

The fact that State law defines attorney fees and costs as "alimony" is not binding on the bankruptcy court although it would appear that such debts are necessarily a part of the alimony award and would fall within section 523(a)(5)(B), 3 Collier 15th Edition 523–106. See also *In the Matter of Gwinn,* 20 B.R. 233, 6 C.B.C.2d 1114 (CCA–9th Cir.1982) in which the Court agreed with *In re Spong,* supra, that attorney's fees awarded to the debtor's wife's attorney in a divorce action is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). This section covers both alimony and child support so that attorney's fees and expenses relating to maintenance for or support of the minor children of the parties would be subject to the same principle of law.

An analysis of the proceedings in the state divorce action with the resulting Final Judgment For Dissolution of Marriage and Modifications tend to establish that the attorney's fees and expenses awarded to the Plaintiff were an integral part of the child support imposed upon the Debtor. The Court, therefore, concludes that the debt of $6,400.00 owing by the Debtor to the Plaintiff as attorney's fees and expenses is not dischargeable under 11 U.S.C. § 523(a)(5)(B).

### As To Revocation of Discharge

The Plaintiff contends that the discharge of the Debtor was obtained through her fraud and that he did not know of the fraud until the granting of such discharge. Therefore, under 11 U.S.C. 727(d)(1) the discharge should be revoked.

The evidence clearly establishes that the Debtor as a pro se filer of the petition for relief was under the mistaken belief that it was not necessary to include the Argentina property as an asset or that her former husband was in fact a creditor. She merely recognized him as an ex husband. The Court is convinced that the Debtor is credible and that she was not guilty of such fraud to warrant a revocation of discharge.

11 U.S.C. 727(d)(1), the successor to Section 15 of the Bankruptcy Act, requires that there be fraud in fact, such as an intentional omission of assets, before a revocation of discharge is justified. 4 Collier 15th Ed. 727–106 § 727.15; *Donovan v. La Porta (In re La Porta)*, 26 B.R. 687, 8 C.B.C.2d 574 (B.Ct.N.D.Ill.1982).

■ The fraud required to be shown is fraud in fact, involving moral turpitude or intentional wrong, and does not include implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality. *In re Cuthbertson* 202 F. 266 (D.S.D.1912).

The Plaintiff having failed to establish the fraud required under 11 U.S.C. 727(d)(1) revocation of the discharge should be denied.

Judgment is being entered on a separate document pursuant to Rule 9021 of the Bankruptcy Rules.

## SUPPLEMENTAL MEMORANDUM OF DECISION

The Court has before it for consideration the motion of the defendant, Alicia E. Mastella, for rehearing or reconsideration of the issues which was filed on January 08, 1993.

The Defendant, in support of her motion, asserts that the Court erred in declaring that the sum of $6400.00 awarded to the Plaintiff was nondischargeable "as an integral part of the support imposed upon the debtor." She points out that in fact there was never any support imposed upon the Debtor.

In accordance with the allegations made by the Debtor in support of her motion the Court has re-examined the record and, in particular, the Order Modifying Custody and Awarding Attorney's Fees and Costs entered by the Family Division Circuit Court for Dade County, Florida on February 28, 1987; Report of the General Master of July 18, 1988 and the Order of the Circuit Court entered July 18, 1988 ratifying and approving the report.

■ A review of these record documents clearly establishes that this Court was in error in deciding that the $6400 award to the Plaintiff was an integral part of support imposed upon the Debtor. On the contrary the Circuit Court determined that said award consisted of $5000.00 for reimbursement of expenses incurred by the Debtor's husband in attempting to secure the return of their minor children, from Argentina to the jurisdiction of the Florida Court and $1400 for attorney's fees and costs incurred by him in procuring their return. As such they could not be construed as "an integral part of support imposed upon the debtor."

Accordingly, pursuant to Rule 9023 of the United States Rules of Bankruptcy Procedure the Judgment Order entered by this Court on December 24, 1992 is hereby vacated and a new judgment order of even date is being substituted.

## REVISED AND SUBSTITUTED ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY AND TO REVOKE DISCHARGE

This matter having come on for hearing on the Plaintiff's complaint to determine dischargeability and to revoke the discharge of the Debtor and the Court having rendered findings of fact and conclusions of law in a Memorandum of Decision of even date, now, therefore, IT IS ORDERED:

1. The debt of $6400.00 awarded to the Plaintiff as reimbursement incurred by him in securing return of the minor children to the jurisdiction of the Florida Circuit Court together with attorney's fees and costs is hereby declared dischargeable.

2. The Plaintiff's request that the Discharge of the Debtor be revoked is hereby denied.