In re Leon M. WEISBERG, Debtor.

Steven M. NOTINGER, Trustee, Plaintiff,

v.

Leon M. WEISBERG, Defendant.

Bankruptcy No. 91–10597–JEY.
Adv. No. 96–1013–JEY.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 18, 1996.

William S. Gannon, Wadleigh Law Office, Manchester, NH, for Plaintiff.

Nancy Michels, Michels & Michels, Londonderry, NH, for Defendant.

Steven M. Notinger, Trustee, Donchess & Notinger, Nashua, NH.

## MEMORANDUM OPINION

JAMES E. YACOS, Chief Judge.

This adversary proceeding presents the issue of whether a chapter 7 trustee can have a

debtor's discharge revoked pursuant to sections 727(d)(3) and 727(a)(6)(A) of the Bankruptcy Code, on the basis that the debtor failed to obey a lawful order of the Court, in that the Court issued an Order to file schedules and the debtor did not timely comply. Although the debtor did eventually file the schedules and the Court discharged its Order, the Trustee seeks revocation of the debtor's discharge on the basis that the debtor's schedules were incomplete, misleading, and false. Consequently the Trustee contends that the schedules were not really filed *in compliance with* the Court's Order.

This matter came before the Court on a Motion to Dismiss, filed by Leon M. Weisberg, the debtor/defendant, with regard to a "Complaint to Revoke Debtor's Discharge", filed by Steven M. Notinger as successor Chapter 7 Trustee [1] and as assignee of the claims of creditors, Ken's Waste Disposal, Inc. and Wendy S. Cabral. The Trustee has filed an Objection and Supplemental Objection. The Court heard oral argument on the defendant's motion at a pretrial hearing on May 2, 1996 and took this matter under advisement. Both parties have subsequently filed memorandums of law regarding the legislative history of section 727 of the Bankruptcy Code, as allowed by the Court.

The Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## FACTS & ALLEGATIONS
### Proceedings

This bankruptcy case was initiated as an involuntary chapter 11 proceeding on March 6, 1991, and an Order for Relief was entered on July 17, 1991. By separate Order to File Schedules dated July 17, 1991, the Court

1. The original Chapter 7 Trustee in this case, Stephen Darr, resigned pursuant to the Court's Order dated November 13, 1995 granting the Motion of the United States Trustee to Remove Chapter 7 Trustee. The current Chapter 7 Trust-

ee, Steven Notinger, hereinafter referred to as "Trustee", was appointed as interim trustee on November 14, 1995 and as successor trustee on November 27, 1995.

directed the debtor to file schedules by no later than August 1, 1991, which deadline was subsequently extended to August 30, 1991, and then again to September 16, 1991, at the debtor's request. Both Orders granting extensions were endorsement Orders upon the debtor's Ex Parte Motions to Extend Deadline. The second endorsement Order was dated September 10, 1991. (Copies of endorsement Orders dated July 31, 1991 and September 10, 1991 are attached hereto as "Annex A" and "Annex B", respectively.)

On September 25, 1991, the Court issued an Order to Show Cause ("OSC") based upon the debtor's failure to comply with the Court's Order dated September 10, 1991 directing the filing of schedules. (Copy of Order to Show Cause dated September 25, 1991 is attached hereto as "Annex C".) A hearing on the Court's OSC was set for October 9, 1991. On October 8, 1991 the debtor filed the schedules, and converted this case to a voluntary chapter 7 bankruptcy case. The Court discharged its OSC on October 9, 1991, due to the debtor's filing of his schedules. (Copy of Order Discharging OSC dated October 9, 1991 is attached hereto as "Annex D".)

The first meeting of creditors was held pursuant to section 541 of the Bankruptcy Code on December 6, 1991. The deadline for objecting to discharge was February 4, 1992, sixty days after the first date set for the first meeting of creditors. Neither the original chapter 7 trustee nor any creditor sought a denial of the debtor's discharge prior to the deadline of February 4, 1992. The debtor was granted a discharge by Order dated December 30, 1993, but the case remained open for administration of assets and other matters. The Trustee filed his Complaint on January 19, 1996, seeking revocation of the debtor's discharge on the basis that the debtor failed to comply with the Court's Order of September 10, 1991 regarding the filing of schedules.

### Trustee's Allegations

The Trustee states that prior to the bankruptcy filing the debtor was engaged in the construction and development of commercial and residential real estate. *Complaint*, p. 3, ¶ 11 (filed Jan. 19, 1996) (Adv. Court Doc. No. 1). The debtor allegedly had interests in several partnerships, one of which was a New Hampshire general partnership known as "NB Partners". *Complaint*, p. 3, ¶ 12. The Trustee alleges that, "Prior to the commencement of the Chapter 7 Case, the Debtor sold his NB Partnership interest and realized a profit of approximately $800,000 in cash from the transaction." *Complaint*, p. 3, ¶ 13. The debtor allegedly knew that he owed more than $45,000,000.00 during and after January 1, 1990. *Complaint*, p. 3, ¶ 15.

The Trustee claims that when the debtor ultimately filed his bankruptcy schedules, they were "incomplete, misleading, and false", particularly in the following respects:

"The Debtor did not disclose that during 1989 or 1990 the Debtor received over $800,000 in gross income from his sale of his partnership interest in NB Partners.";

"The Debtor did not disclose that he had 'gifted' such funds, or a portion of such funds, to his then spouse, Rochelle Weisberg, despite the fact that Paragraph 7 of the Statement of Financial Affairs required the Defendant to reveal all gifts made within one year prior to the commencement of the bankruptcy case."; and

"The Debtor failed to disclose this income or gift, despite that Paragraphs 1 and 2 of the Statement of Financial Affairs requires the Debtor to state the amount of income received during the two years immediately preceding the calendar year in which the Bankruptcy Petition was filed."

*Complaint*, p. 5, ¶¶ 24(A), (B), and (C).

The Trustee asserts that, "[T]he Debtor knew that the NB Partnership Cash and any subsequent transaction involving such proceeds constituted conveyances which were voidable or could result in the transferee's being obligated to pay compensatory damages to the Debtor's Bankruptcy Estate as a result of the transfer." *Complaint*, pp. 5–6, ¶ 25. In addition, the Trustee contends that the debtor's failure to disclose the transfer to his wife in "Schedule B—Personal Property", which requires the debtor to disclose "other contingent and unliquidated claims of every nature" and "other personal property of any kind not already listed", constitutes a viola-

tion of the debtor's duty to file complete and truthful statements of his financial affairs in accordance with section 521 of the Bankruptcy Code and Bankruptcy Rule 1008. *Complaint,* p. 6, ¶¶ 27, 30.

The debtor/defendant has not filed an Answer to the Trustee's Complaint, but instead seeks dismissal of the Complaint on the basis that it fails to state a cause of action upon which relief may be granted.

## LAW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), it is fundamental that the Court "must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, [the Court] must deny the motion to dismiss." *Vartanian v. Monsanto Co.,* 14 F.3d 697, 700 (1st Cir. 1994), citing *Knight v. Mills,* 836 F.2d 659 (1st Cir.1987).

The complaint is to be "construed liberally in the plaintiff's favor", and the plaintiff is to be given "the benefit of all inferences that can be derived from the facts." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994) (citation omitted). "[T]he allegations of the complaint must be taken as true" and, "if under any theory they are sufficient to state a cause of action in accordance with law, a motion to dismiss the complaint must be denied." *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987) (citations omitted). The Court may also consider any pleadings that are of public record in this case. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.,* 998 F.2d 1192, 1196 (3rd Cir.1993), *cert. denied* 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994) (citations omitted). A motion to dismiss for failure to state a claim should be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (citations omitted).

Sections 727(d)(3) and 727(a)(6) of the Bankruptcy Code provide in relevant part that:

"On request of the trustee ... and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if.... the debtor has refused, in the case—to obey any lawful order of the court, other than an order to respond to a material question or to testify...."

11 U.S.C. §§ 727(d)(3), 727(a)(6). A request for revocation of a discharge may be made "before the later of—(A) one year after the granting of such discharge; and (B) the date the case is closed." 11 U.S.C. § 727(e)(2).

The purpose of a discharge is to "release an honest debtor from his financial burdens and to facilitate the debtor's unencumbered 'fresh start' ". *Bowman v. Belt Valley Bank (In re Bowman),* 173 B.R. 922, 924 (9th Cir.BAP 1994) (citations omitted). "In limited circumstances, the debtor's discharge may be revoked; however, revocation is an extraordinary remedy." *Id.* "[R]evocation of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge." *Id.,* citing *In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir.1986).

## DISCUSSION

The Trustee's Complaint is premised upon the debtor's failure to obey a lawful Order of the Court. The Order that the debtor purportedly disobeyed was this Court's Order to Show Cause dated September 25, 1991, requiring the debtor to file his schedules. The debtor did file his schedules on October 8, 1991, and this Court discharged its Order to Show Cause on October 9, 1991. Consequently, on the plain face of this matter, there is no Order that the debtor has failed to obey.

The Trustee insists that the debtor's failure to provide full information in his schedules constitutes a failure to obey the Order, because the debtor abdicated in his duty to be as truthful and accurate as possible as required by section 521 of the Bankruptcy Code, and because the debtor's omissions precluded any relevant inquiry or participation in the administration of his bankruptcy estate by his creditors or the trustee.

A resolution of the pending motion does not require the Court to consider the degree of the debtor's compliance or noncompliance with the Court's directive to file complete and accurate schedules. The debtor filed schedules. The filing of these schedules on October 8th was beyond the deadline of September 16th, but the Court allowed the late filing and dismissed its OSC. The Order was discharged by the Court itself, based upon the determination that the Order had been complied with. Although the Court is sympathetic to the difficulties presented to the Trustee, equity is not a license to ignore the plain language of a statute. The debtor did not "disobey" an Order of the Court, and consequently there is no basis for revoking the debtor's discharge in accordance with sections 727(d)(3) and 727(a)(6) of the Bankruptcy Code.

No court has ever held that a failure to obey a routine ministerial scheduling Order, which had been issued when the debtor's schedules had not been filed and which had subsequently been discharged upon the debtor's filing of his schedules, can itself serve as a basis for revocation of discharge because the schedules involved fraud and/or a failure to disclose assets. There is a remedy in the Bankruptcy Code for fraud and failure to disclose assets—an action to deny or revoke discharge pursuant to sections 727(d)(1) and 727(d)(2) [2]—and this Opinion and the Order accompanying it in no way preclude the Trustee from pursuing this debtor on those grounds.[3] To rule that a debtor's filing of arguably incomplete schedules gives rise to a cause of action for revocation of discharge based upon a failure to obey a Court Order requiring schedules to be filed, after the Court has discharged such an Order, would leave the door open for a trustee to challenge *any* debtor's discharge years later even though the trustee discovered, prior to the running of the § 727(a) deadline under Bankruptcy Rule 4004(a), that something was omitted from the schedules filed which was actionable under § 727(a) and did nothing to raise the issue before the deadline expired. Such a process is certainly not within the contemplation of the policies underlying bankruptcy relief of providing an honest debtor a "fresh start", providing a prompt resolution of creditors' claims, and promoting the efficient administration of the bankruptcy estate. Cf. *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 471–72, 15 L.Ed.2d 391 (1966).

## CONCLUSION

In accordance with the foregoing, the Court concludes that the plaintiff's Complaint to Revoke Debtor's Discharge fails to state a cause of action upon which relief may be granted and therefore is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). By separate Order, the Court will grant the Motion to Dismiss and the Complaint will be dismissed with prejudice, with

---

**2.** Sections 727(d)(1) and 727(d)(2) provide as follows:

> (d) On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; ...
> 11 U.S.C. §§ 727(d)(1), 727(d)(2).

**3.** It appears from statements by counsel for both parties during oral argument, and from the pleadings regarding the debtor's Motion to Dismiss, that it may well be that the prior trustee was given some information regarding the items alleged not to have been disclosed in the debtor's schedules, and the current successor trustee may therefore be unable to allege the elements that the trustee "did not know of such fraud until after the granting of such discharge" or that the debtor "failed to report the acquisition of or entitlement to such property". That may explain the circuitous route that the Trustee is taking in the present Complaint in seeking a revocation of the debtor's discharge on the basis that the debtor failed to obey a Court Order by failing to file complete schedules. The current record before the Court shows *nothing* about what, if any, actual disclosure was made by this debtor to the original trustee prior to the expiration of the 60-day deadline for an objection to the debtor's discharge pursuant to Bankruptcy Rule 4004(a).

leave to file an Amended Complaint, as detailed in the Order. This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## ANNEX A

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW HAMPSHIRE

In re Leon M. Weisberg, Debtor.

### CHAPTER 11

### CASE NO. 91–10597

*EX PARTE MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS*

Pursuant to Bankruptcy Rule 1007(c) and Local Rule 11(a), the Debtor, through its attorneys, Michels & Michels, moves this Court, ex parte, for an extension of time within which to file the required Chapter 11 Schedules and Statements. In support of its Motion, Debtor states as follows:

1. An Order for Relief in this Involuntary Chapter 11 case was filed on July 17, 1991.

2. Debtor received notification on July 20, 1991 and is unable due to the complexities to complete the Schedules and Statements by the August 1, 1991 date required.

3. The 341 Meeting has not been scheduled as of this date.

4. Under Local Rule 11(a), the Clerk has authority to grant an ex parte extension of time to file Schedules until five (5) days before the Section 341 Creditors Meeting.

5. The affairs of the Debtor are complex and the Debtor does not have all the records necessary to complete the Schedules and Statements.

WHEREFORE, Debtor respectfully requests that this Court enter an Order:

A. GRANTING the Debtor an extension of time to August 30, 1991 for filing its Schedules and Statements; and

B. Granting such additional or alternative relief as it deems just and equitable.

DATED this 30th day of July, 1991.

Respectfully submitted,
LEON M. WEISBERG
By his Attorneys,
MICHELS & MICHELS

/s/ John R. Michels
John R. Michels,
BNH01324
Michels & Michels
25 Nashua Rd., PO Box 980
Londonderry, NH 03053
(603) 434–1717

## ANNEX B

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW HAMPSHIRE

In re Leon M. Weisberg, Debtor.

### CHAPTER 11

### CASE NO. 91–10597

*EX PARTE MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS*

Pursuant to Bankruptcy Rule 1007(c) and Local Rule 11(a), the Debtor, through its attorneys, Michels & Michels, moves this Court, ex parte, for an extension of time within which to file the required Chapter 11 Schedules and Statements. In support of its Motion, Debtor states as follows:

1. An Order for Relief in this Involuntary Chapter 11 case was filed on July 17, 1991.

2. Debtor received notification on July 20, 1991 and was unable due to the complexities to complete the Schedules and Statements by the August 1, 1991 date required.

3. The Court granted an Ex Parte Motion for extension of time to file until August 30, 1991.

4. The Debtor is part of a partnership which owned $29,000,000 of property as of 1989 and had ten (10) different lenders. The Debtor's affairs are very complex and preliminary overview was just provided to counsel on August 26, 1991.

5. The 341 Meeting has not been scheduled as of this date.

ANNEX C

6. Under Local Rule 11(a), the Clerk has authority to grant an ex parte extension of time to file Schedules until five (5) days before the Section 341 Creditors Meeting.

7. The affairs of the Debtor are complex and the Debtor does not yet have all the records necessary to complete the Schedules and Statements.

WHEREFORE, Debtor respectfully requests that this Court enter an Order:

A. Granting the Debtor an extension of time to September 15, 1991 for filing its Schedules and Statements; and

B. Granting such additional or alternative relief as it deems just and equitable.

DATED this 4th day of September, 1991.

Respectfully submitted,
LEON M. WEISBERG
By his Attorneys,
MICHELS & MICHELS

/s/ John R. Michels
John R. Michels
BNH 01324
Michels & Michels
25 Nashua Rd., PO Box 980
Londonderry, NH 03053
(603) 434-1717

UNITED STATES
BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re Leon M. Weisberg, Debtor(s).

Case No.: 91–10597

Chapter 11

*ORDER TO SHOW CAUSE*

You are hereby ordered to appear on 10/9/91 @ 10:30 AM in the U.S. Bankruptcy Courtroom, Seventh Floor, Room 732, 275 Chestnut Street, Manchester, New Hampshire and show cause why you ought not to be subject to *SANCTIONS* for failure to comply with the court's order dated 9/10/91 directing you to file complete schedules and statement of affairs. The Clerk is directed to mail a copy of this order to the trustee and petitioning creditors, who are directed to appear and be heard in this matter.

DONE and ORDERED this 25th day of September, 1991 at Manchester, New Hampshire.

/s/ James E. Yacos
James E. Yacos
Bankruptcy Judge

338

## ANNEX D

## PROCEEDING MEMO/ORDER OF COURT OCT - 9 1991

Docketed MS OCT 1 0 1991 U.S. BANKRUPTCY COURT

In re: _Weisberg, Leon_ Case No. _91-597_ AP/CM _____ Chapter _11_ Hearing Date _10-9-91_

MOVANT/APPLICANT/PARTIES: _____

APPEARED: For Plaintiff(s)/Movant(s) _Steve Fuller - Dartmouth Bank_

For Defendant(s)/Respondent(s) _Geru B. Atherton - UST_

For debtor/Trustee/Other _John Michels_

NATURE OF PROCEEDING: [Court Paper No. _____ ]

| | |
|---|---|
| ____ Motion for Relief (§362) | ____ Turnover Complaint (§543) |
| ____ Motion to Use Cash Collateral | ____ Determine Secured Status (§506) |
| ____ Application to Assume/Reject | ____ Discharge Complaint (§727) |
| ____ Confirmation of Plan (11) (13) | ____ Dischargeability Complaint (§523) |
| ____ Motion to extend Exclusive Period | ____ Pretrial _____ |
| ____ Disclosure to Statement (§1125) | ____ Trial/Hearing _____ |
| ____ Application to Sell Property (§363) | ____ Motion to Summary Judgment |
| ____ Chapter 11 Status Hearing | ____ Trustees Final Account |
| ____ Objection to Claims | ____ Motion to Dismiss/Convert |
| ____ Applications for Fees/Compensation | _✗ OSC Dismiss Failure Submit_ |
| | _9-10-91 Order_ |

OUTCOME:

____ Granted - Denied - Approved - Denied without prejudice - Withdrawn in open court.

____ Continued to: _____

____ Formal Order to be submitted by: _____ Date Due _____

____ Findings and conclusions dictated at close of hearing incorporated by reference.

____ Taken under advisement: Brief(s) due: _____ Response(s) Due: _____

_X_ DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

_OSC is discharged. Schedules filed_

### CERTIFICATE OF SERVICE

A copy of the foregoing was sent to the following:

IT IS SO NOTED: _Michels_          IT IS SO ORDERED

Atty. _____                _[signature]_
to notice all parties.

Courtroom Deputy _____          Bankruptcy Judge

Date _10-10-91_  _MBS_
          Deputy Clerk          Dated: _10-9-91_