**In re Clarence and Debra RODWELL, Debtor.**

No. 97–50094 (RTL).

United States Bankruptcy Court,
D. New Jersey.

July 3, 2002.

Eric L. Leinbach, Easton, PA, for debtor.

Drew A. Molotsky, Pluese, Leone, Incollingo & Matez, Haddonfield, NJ, Pluese, Ettin, Becker & Saltzman, Cherry Hill, NJ, for creditor.

Daniel E. Straffi, Esq., Toms River, NJ, Chapter 7 Trustee.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

Before the court is the chapter 7 trustee's motion to dismiss the case and to revoke the debtors' discharge based upon the debtors' failure to provide information relating to a personal injury claim. No opposition was filed on behalf of the debtors. The trustee filed the instant motion more than one year after the debtors received a discharge under 11 U.S.C. § 727. The court has jurisdiction over this matter pursuant to 28 U.S.C. '1334(a) and (b), 28 U.S.C. '157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated July 23, 1984, referring all cases under Title 11 of the United States Code to the bankruptcy court. Additionally, this is a core proceeding that can be heard and determined by a bankruptcy judge under 28 U.S.C. '157(b)(2)(A) and (J).

A bankruptcy court may revoke a debtor's discharge only if the moving party establishes one or more of the statutory grounds for revocation under 11 U.S.C. § 727(d). Because the trustee has failed to demonstrate, or even allege, that the debtors' failure to cooperate constitutes proper grounds for revocation, this court must deny the trustee's motion to revoke the debtors' discharge.

Furthermore, the dismissal of this case would have no effect on the validity of the discharge order but would deprive credi-

tors of any chance of a dividend. Since the trustee has at his disposal several means through which to compel the debtors to cooperate, the court concludes that it is inappropriate to dismiss this case under 11 U.S.C. § 707(a) after the discharge order has been entered.

## DISCUSSION

*Revocation of the Debtors' Discharge*

██ The purpose of a discharge in bankruptcy is to relieve an unfortunate, but honest debtor from his or her financial burdens and to facilitate the debtor's unencumbered "fresh start." See *In re Pelkowski*, 990 F.2d 737, 744 (3d Cir.1993); *In re Kasden*, 209 B.R. 239, 241 (8th Cir. BAP 1997). Since the revocation of a discharge pursuant to 11 U.S.C. § 727(d) runs counter to this general policy, see *In re Poole*, 177 B.R. 235, 239 (Bankr.E.D.Pa.1995), this section must be construed strictly against the moving party. See *In re Olmstead*, 220 B.R. 986, 993 (Bankr.D.N.D. 1998); see also *In re Weisberg*, 202 B.R. 332, 334 (Bankr.D.N.H.1996) ("Revocation must be considered an extraordinary remedy.").

██ In relevant part, Section 727(d) provides as follows:

(d) On request of a trustee, a creditor, or the United States Trustee, after notice and hearing, the court shall revoke a debtor's discharge if—

(1) The discharge was obtained through fraud of the debtor, and the requesting party did not know of the fraud until after the granting of such discharge;

(2) The debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to

report the acquisition of or entitlement to the property, or to deliver or surrender the property to the trustee; or

(3) The debtor committed an act specified in Section 727(a)(6).[1]

The moving party bears the initial burden of establishing one or more of the statutory grounds for revocation by a preponderance of the evidence. See, e.g., *In re Adams*, 31 F.3d 389 (6th Cir.1994); *Farouki v. Emirates Bank International, Ltd.* 14 F.3d 244 (4th Cir.1994); *In re Beaubouef*, 966 F.2d 174 (5th Cir.1992). Once the movant produces enough evidence to sustain this burden, the burden then shifts to the defendant to explain his or her actions. *In re Conz*, 2000 Bankr.LEXIS 1570, *8 (Bankr.N.D.N.Y.2000).

 In the case at bar, the trustee seeks to revoke the discharge order based solely upon the debtors' failure to respond to the trustee's informal request for information relating to a personal injury claim. It is well-established that a bankruptcy court may revoke a debtor's discharge only on the grounds specifically enumerated in Section 727(d). See *In re Conz*, 2000 Bankr.LEXIS 1570, *6 (Bankr.N.D.N.Y. 2000); *In re Nader*, 1998 WL 767459, *2, 1998 Bankr.LEXIS 1381, *7 (Bankr. E.D.Pa.1998), *In re Albers*, 80 B.R. 414, 417 (Bankr.N.D.Ohio.1987). Since the trustee has not proven, nor even alleged, that the debtors' failure to cooperate falls within the scope of Section 727(d), this court must deny the trustee's motion for revocation of discharge.[2]

*Dismissal of Debtors' Case*

 The chapter 7 trustee also seeks to dismiss the debtors' case pursuant to 11 U.S.C. § 707(a). Clearly the trustee is using the prospect of dismissal and revocation of discharge as an inducement for the debtors' cooperation. In relevant part, Section 707(a) provides that a bankruptcy court may dismiss a case only after notice and a hearing and "only for cause." Although "cause" is not expressly defined in the Code, courts have generally found that a debtor's failure to provide the trustee with necessary information may constitute sufficient grounds for dismissal under this section. See *In re Moses*, 792 F.Supp. 529, 532 (E.D.Mich.1992). Indeed, before discharge, a motion to dismiss might prompt the debtor's cooperation so that he may receive a discharge. This court finds, however, that under these circumstances it is inappropriate to dismiss this chapter 7 case based upon the debtors' lack of cooperation where the debtors have already received a discharge and there may be assets available for creditors.

 Dismissal does not affect the validity of a discharge order. See *In re Depew*, 115 B.R. 965, 970 (Bankr.N.D.Ind. 1989). Because it "confers all of the benefits, but none of the burdens of bankruptcy upon the debtor," see *In re Medina*, 1996 Bankr.LEXIS 1976, *1 (Bankr.N.D.N.Y. 1996), dismissing a chapter 7 case after the debtor has received a discharge is an ineffective means to induce a debtor to cooperate with the trustee. Moreover, the chapter 7 trustee seeks to determine whether there is a personal injury claim which might yield cash that could be distributed to creditors. Dismissal at this stage will

---

1. Section 727(a)(6) denies a discharge to a debtor who has, *inter alia*, "refused ... to obey any lawful order of the court ..."

2. It should also be noted that, pursuant to FED.R.BANKR.P. 7001(4), an action to revoke a

discharge must be brought as an adversary proceeding. See *In re Lokay*, 269 B.R. 132, 138 (Bankr.W.D.Pa.2001). This motion may therefore be denied on procedural, as well as substantive, grounds.

have no impact upon the debtors, but may very well deprive creditors of a meaningful dividend.

A chapter 7 trustee faced with an uncooperative discharged debtor is not without other remedies. For instance, the trustee may obtain an order under FED. R.BANKR.P. 2004 to compel the debtor to submit to an examination. If the debtor fails to comply with the Rule 2004 order, the trustee may request the debtor's arrest, see FED.R.BANKR.P. 2005, or, at that point, bring an adversary complaint to revoke her discharge pursuant to 11 U.S.C. § 727(d)(3). See *In re Medina*, 1996 Bankr.LEXIS 1976, *2. Given these alternatives, this court concludes that dismissal is not warranted in this case.

## CONCLUSION

Since the trustee has not alleged or proven any of the grounds for revocation of discharge under 11 U.S.C. § 727(d), his motion to revoke the discharge is denied. Further, because dismissal in this case would not impact the debtors, but may prejudice creditors, the trustee's motion to dismiss is also denied.